WARD, Judge.
The sole issue on appeal from this succession proceeding is the interpretation of the first bequest in the will. It reads:
Upon my death I give and bequeath to Lois DeLatour, my cook, provided she is in my employ at the time of my death, the sum of $10,000.00.
The question to be decided is whether Lois DeLatour was in the testator’s employ at the time of his death.
In October, 1980, Mrs. DeLatour was solicited by her nephew, Dr. John L. Moore, a son-in-law of the decedent, Edward J. Nolan, to work as a cook, housekeeper and sitter for Mr. Nolan. At the time, Mr. Nolan, a neighbor of Mrs. DeLatour, was in his eighties and in failing health. On August 12, 1982, Mr. Nolan executed a statutory will making the particular bequest to Mrs. DeLatour and apportioning the rest of his estate among his children and grandchildren. A codicil, executed in December, 1982, bequeathed $2,500 to a church. Mr. Nolan’s health continued to deteriorate, and on March 19, 1985, his family placed him in a nursing home where he died five days later.
Mr. Nolan’s statutory will was probated, and the net value of his estate was reported on the Louisiana inheritance tax return as $293,449.00. The executor of the succession received a court order to pay the legacy to the church, and he filed a proposed tableau of distribution which would divide the net estate among Mr. Nolan’s surviving children and grandchildren. The executor informed Mrs. DeLatour that she was not entitled to her legacy because she *1304 was not in Mr. Nolan’s employ at the time of his death.
Mrs. DeLatour filed an opposition to the executor’s proposed tableau of distribution. After hearing testimony from Mrs. DeLat-our and from Dr. Moore and his wife, Helen Nolan Moore, the Trial Judge dismissed Mrs. DeLatour’s opposition to the tableau of distribution. She appeals.
The Trial Judge ruled based upon his finding that Mrs. Moore had an oral power of attorney from her father to manage his affairs and that she had terminated Mrs. DeLatour’s employment prior to Mr. Nolan’s death. We believe the ruling of the Trial Judge violates the intention of the testator, Edward Nolan, as expressed in his will. We therefore reverse the judgment.
The testimony of Mrs. Moore, who is a legatee of one-fourth of her father’s estate, and that of her husband sought to show that they, and not Mr. Nolan, employed Ms. DeLatour. They testified that because Mr. Nolan was unable to manage his own affairs, they solicited Mrs. DeLatour for the job and that Mrs. Moore paid Mrs. DeLat-our and all of Mr. Nolan’s household employees with cash from one of his bank accounts. Nonetheless, Mrs. DeLatour insists that she always considered herself employed by Mr. Nolan, and the language of the will plainly indicates that Mr. Nolan also considered her in his employ.
Dr. and Mrs. Moore testified that they had notified Mrs. DeLatour that her services would no longer be needed after Mr. Nolan was taken to the nursing home. Mrs. DeLatour denied having been discharged, and it is undisputed that she visited Mr. Nolan in the nursing home daily and attended to him there, although her testimony indicates that she performed these personal services more out of affection for him than from a sense of duty as an employee.
We do not believe that the issue before us is whether notice of termination was given to Mrs. DeLatour or whether that notice was effective. The issue is testamentary intent.
In inferring an oral power of attorney and finding that Mrs. DeLatour’s employment had been terminated, the Trial Judge ignored the rule for the interpretation of testaments that courts are bound to ascertain and enforce the will of the testator. La.C.C. art. 1712.
It is clear that the condition Mr. Nolan placed upon Mrs. DeLatour’s legacy — that she be in his employ at the time of his death — was intended to deprive her of the legacy if she left the job, either voluntarily or because Mr. Nolan was dissatisfied with her services. It was not intended to deprive Mrs. DeLatour of the legacy where, due to events beyond the control of either employer or employee, she was forced to discontinue her employment five days before Mr. Nolan died.
Accordingly, we reverse the judgment of the Trial Court, and enter judgment in the amount of $10,000 to be paid Mrs. DeLat-our as her legacy under the will of Edward J. Nolan. Pursuant to La.C.C. art. 1632, all costs of Mrs. DeLatour’s suit for delivery of her legacy are to be paid by the succession.
REVERSED AND RENDERED.